ALD-120 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1588
_____

UNITED STATES OF AMERICA

v.

JOSE PENA, also known as GUCCI,
                                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2:19-cr-00545-001)
District Judge: Honorable Stanley R. Chesler

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2024

Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 29, 2024)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Jose Pena appeals pro se from an order of the United States District Court for the District of New Jersey denying his motion for compassionate release and his related motion for reconsideration. The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order.

In July 2019, Pena pleaded guilty to conspiring to distribute, and to possess with intent to distribute, more than one kilogram of heroin. He was sentenced to 135 months of imprisonment. Pena did not appeal.

In January 2022, Pena filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the risks posed by the COVID-19 pandemic and his need for mental health treatment. The Government opposed the motion. The District Court denied relief, holding that Pena had not established extraordinary and compelling reasons warranting relief and, alternatively, that the relevant factors under 18 U.S.C. § 3553(a) weighed against any reduction in his sentence. Thereafter, Pena filed supplements to his motion. The District Court concluded that those supplements did not provide any reason to reconsider its earlier decision.

In December 2022, Pena filed another compassionate release motion, again citing the pandemic and mental health issues. He also claimed that he had benefited from "post conviction rehabilitation." The Government opposed the motion. The District Court denied relief on February 28, 2023. To the extent that Pena repeated arguments from his prior submissions, the District Court "conclude[d] they lack merit for the same reasons

2

expressed in prior Opinions." The District Court also maintained that the factors under 18 U.S.C § 3553(a) did not justify a reduced sentence.

After the opinion was issued, the District Court docketed a reply from Pena in which he cited an issue with his tooth and a vitamin D deficiency as additional reasons for granting compassionate release. Pena's reply was dated February 24, 2023, four days before entry of the District Court's opinion. In response to Pena's reply, the District Court stated that his arguments did not "warrant modification of the February 28 Order," noting that Pena admitted that his tooth issue had been resolved and that nothing in his submission suggested that the vitamin D deficiency was serious enough to justify relief. (ECF 41 at 1.)

On March 14, 2023, Pena filed a motion for reconsideration of the February 28 opinion. He complained that the District Court denied relief without considering his reply and emphasized that he accepted responsibility for his crime. The District Court denied the motion for reconsideration, explaining that it had already considered Pena's reply and that his additional arguments had been addressed in prior opinions. Pena timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We also review a district

3

court's denial of reconsideration for abuse of discretion. See United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). Reconsideration is warranted if the movant shows that (1) there has been "an intervening change in controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C).

The District Court did not abuse its discretion in determining that a balancing of the applicable § 3553(a) factors warranted denying Pena's motion for compassionate release.[1] As the District Court explained, Pena "committed a serious crime, has a

---

[1] We need not decide whether Pena presented "extraordinary and compelling reasons" for a sentence reduction.

significant criminal history, has served only a minor portion of his sentence, and may be a danger to the community if released." (ECF 38, at 8.) For instance, in the plea agreement, Pena stipulated that his offense involved between one and three kilograms of heroin and that he possessed a dangerous weapon in connection with the offense. In addition, Pena was on parole for drug convictions at the time he committed the underlying offense. Furthermore, when Pena filed his compassionate release motion in December 2022, he had served significantly less than half of his sentence. See United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (indicating that the time remaining on the prisoner's sentence is a relevant consideration in determining whether the § 3553(a) factors support a grant of compassionate release). Finally, Pena's danger to the community was demonstrated by his possession of a stolen firearm loaded with bullets in a large capacity magazine, by recordings of him soliciting others to help him assault other individuals, and an incident in which he exhibited violent behavior against a Bureau of Prisons medical care provider. The District Court did not commit "a clear error of judgment" in reaching its conclusion, see Pawlowski, 967 F.3d at 330, nor did it abuse its discretion in denying Pena's motion for reconsideration.

Based on the foregoing, we agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Accordingly, we grant the Government's motion for summary affirmance and will summarily affirm the District Court's order.